UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENYA SPLOND,<br><br>　　　　　　　　Petitioner,<br>v.<br>GABRIELA NAJERA, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 2:23-cv-00451-GMN-BNW<br><br>**ORDER** |

　　　　Counseled Petitioner Kenya Splond brings this 28 U.S.C. § 2254 habeas corpus petition (ECF No. 1) to challenge his one count of conspiracy to commit robbery, three counts of burglary while in possession of a firearm, three counts of robbery with use of a deadly weapon, and one count of possession of stolen property convictions in state court, alleging ineffective assistance of counsel claims.  Respondents move to dismiss the petition because Petitioner's allegations are conclusory. ECF No. 7.

**I.　　Background**

　　　　Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County.  On February 13, 2017, the state court entered a judgment of conviction and sentenced Petitioner to an aggregate sentence of 168 to 936 months. ECF No. 9-18.  The Nevada Court of Appeals affirmed the conviction.  In April 2019, Petitioner filed a state petition for writ of habeas corpus.  The state court denied post-conviction relief and Petitioner filed a post-conviction appeal.  The Nevada Supreme Court affirmed in part, reversed in part, and remanded to the state district court to hold an evidentiary hearing to determine whether counsel was ineffective for failing to challenge the charge of possession of stolen property at trial and on appeal.  In September 2022, the State dismissed the possession of stolen property count, and the state district court did not hold an evidentiary hearing.  On December 20, 2022, the state court entered a second amended judgment of conviction for conspiracy to commit robbery, three counts of burglary while in possession of a firearm, three counts of robbery with use of a deadly

weapon, and one count of possession of stolen property. ECF No. 10-56.

Petitioner initiated this federal habeas corpus proceeding. ECF No. 1.  He asserts the following grounds for relief:

1. The state district court failed to hold an evidentiary hearing despite the Nevada Supreme Court's remand. The State instead dismissed the charge.

2. Ineffective assistance of trial counsel for failure to present plea deal.

3. Ineffective assistance of trial counsel for (A) failure to oppose the State's motion to consolidate, (B) failure to present expert testimony, and (C) failure to jury instructions. [sic].

ECF No. 1.

**II.  Discussion**

Respondents argue that Petitioner does not state a claim in Ground 1, and that Grounds 2 and 3 are conclusory. ECF No. 7 at 2-4.  As a result, they assert that the petition should be dismissed. *Id.*  Petitioner asserts that Respondents' motion to dismiss is untimely because they requested an extension of time to file their response to the petition but did not request an extension of time to file a motion to dismiss. ECF No. 11 at 2.  Petitioner argues that the petition meets the pleading standards of Fed. R. Civ. P. 8(a) and 9(b) and, in the alternative, requests that the Court grant him leave to amend.  *Id*. at 5-6.

a. **Respondents' motion to dismiss is timely.**

In March 2023, the Court issued a scheduling order instructing Respondents to file a response, including a motion dismiss, within 60 days. ECF No. 3.  Respondents filed a motion for enlargement of time to file their response. ECF No. 5.  Respondents represent that counsel for Petitioner informed Respondents that Petitioner intended to file a non-opposition to their motion for enlargement of time. ECF No. 12 at 1.  The Court granted Respondents' request for extension and Respondents had until July 31, 2023, to file their response to the petition. ECF No. 6.  Respondents' July 27, 2023, motion to dismiss is therefore timely.

b. **Grounds 2 and 3 are conclusory.**

A discrete set of rules governs federal habeas proceedings. *See* Rules Governing Section

2254 Cases in the United States District Courts.[1]  In federal habeas proceedings, notice pleading is not sufficient.  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."  Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  *Pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Here, however, Petitioner is represented by counsel.

Petitioner contends that counsel rendered ineffective assistance for failing to present a plea deal, failing to oppose the state's motion to consolidate, failing to present expert testimony, and failure to jury instructions. [sic.]  Petitioner does not include specific facts whatsoever to support his claims.  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *See Jarvis v. Nelson*, 440 F.3d 13, 14 (9th Cir. 1971) (per curiam).

As such, Petitioner will be granted an opportunity to file a first amended habeas petition to clarify his claims in accordance with the pleading standards of the Habeas Rules.  *See* Fed. R. Civ. P. 15(a)[2] (leave to amend shall be freely given when justice so requires).  *See also* Fed. R. Civ. P. 15(c) (providing that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading").  Accordingly, Respondents' motion to dismiss is denied without prejudice.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Habeas Rule 11 permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.  In addition, § 2242 specifically provides that habeas applications "may be amended … as provided in the rules of procedural applicable to civil actions."

### III. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 7) is denied without prejudice.

It is further ordered that Petitioner will have until March 11, 2024, to file an amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents must file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

It is further ordered that any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

DATED: January 11, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE