UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENYA SPLOND,<br><br>　　　　　　　Petitioner,<br>v.<br>GABRIELA NAJERA, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:23-cv-00451-GMN-BNW<br><br>**ORDER** |

**Introduction**

Petitioner Kenya Splond filed a counseled First Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 15)). Respondents move to dismiss Grounds 2(B) and 2(C) of the Petition as untimely and unexhausted, and Grounds 3(D), 3(E), and 3(F) as untimely and not cognizable in federal habeas corpus. ECF No. 17. The Court will grant Respondents' Motion to Dismiss.

**Background**

In 2016, a jury in the Eighth Judicial District Court for Clark County, Nevada convicted Splond of (1) Conspiracy to Commit Robbery; (2) three counts of Burglary While in Possession of a Firearm; (3) three counts of Possession of Stolen Property, and (4) Possession of Stolen Property. ECF No. 9-6. Splond was sentenced to an aggregate of 168 to 936 months. ECF No. 9-18. Judgment was originally entered on February 13, 2017, and affirmed on appeal. ECF No. 10-5.

Splond subsequently filed a state Petition for Writ of Habeas Corpus ("state petition"). ECF No. 10-10. He appealed the denial of the state petition, and the Nevada Court of Appeals affirmed in part, reversed in part, and remanded for an evidentiary hearing to determine whether trial counsel was ineffective in failing to argue there was a lack of evidence to support the charge of Possession of Stolen Property. ECF No. 10-50 at 6–9.

On remand, the State opted to dismiss the conviction for Possession of Stolen Property

and on December 13, 2022, the state district court entered an Amended Judgment reflecting the dismissal. ECF No. 10-55 at 4.  On December 20, 2022, the state district court entered an identical Second-Amended Judgment dismissing the conviction for Possession of Stolen Property. ECF No. 10-56.

On March 24, 2023, Splond filed an original federal habeas corpus petition, signed by retained counsel, asserting the following grounds for relief:

> 1. The state district court failed to hold an evidentiary hearing despite the Nevada Supreme Court's remand and the State instead dismissed the charge;
> 2. Ineffective assistance of trial counsel for failure to convey a plea offer;
> 3. Ineffective assistance of trial counsel for
>     (A) failure to oppose the State's Motion to Consolidate cases;
>     (B) failure to present expert testimony; and
>     (C) failure to jury instructions [sic].

ECF No. 1 at 1–17.

Respondents moved to dismiss the original federal petition claiming Ground 1 failed to state a claim and Grounds 2 and 3 were conclusory. ECF No. 7 at 2–4.  This Court determined Grounds 2 and 3 were conclusory but denied Respondents' Motion to Dismiss without prejudice, giving Splond an opportunity to file a First Amended Petition clarifying his claims in accordance with the pleading standards of the Habeas Rules. ECF No. 13 at 2–4.

On March 18, 2024, Splond filed a counseled First Amended Petition. ECF No. 15.  In relevant part, he alleges trial counsel provided ineffective assistance by failing to:

> Ground 2:
>     (A) convey a plea offer to Splond;
>     (B) provide the court with relevant information for sentencing that would have swayed the court; and
>     (C) raise a *Stockmeyer* issue with respect to the Department of Parole and Probation and the pre-sentence investigation report.
> Ground 3:
>     (A) oppose the State's Motion to Consolidate cases;
>     (B) provide/present expert testimony;
>     (C) request a jury instruction specifically addressing eyewitness identification;

        (D) argue there was a lack of evidence to support the charge of possession of stolen property; and

        (E) request an inverse jury instruction regarding the possession of stolen property.

ECF No. 15 at 3–8. Splond additionally alleges in Ground 3(F) that appellate counsel was ineffective for failing to argue there was insufficient evidence produced at trial that Splond knew or should have known that the firearm he used was stolen. *Id.* at 6.

## Discussion

### I. Grounds 2(B) and 2(C) are untimely and do not relate back.

Respondents contend that Grounds 2(B) and 2(C) are untimely or, alternatively, unexhausted. ECF No. 17 at 6–9. The Court agrees these claims are untimely and do not relate back to a timely petition.

AEDPA establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run, as relevant here, on the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The judgment from which the one-year limitation period runs "is the one pursuant to which the petitioner is incarcerated." *See Smith v. Williams*, 871 F.3d 684, 687–88 (9th Cir. 2017); *see also Magwood v. Patterson,* 561 U.S. 320, 331 (2010) ("A § 2254 petitioner . . . 'seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement.'") (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 83 (2005))). When an amended judgment of conviction is entered, it is considered a "new judgment, starting a new one-year statute of limitations." *See Smith*, 871 F.3d at 688.

Splond challenges the constitutionality of his confinement under the state court's Second Amended Judgment dated December 20, 2022. ECF Nos. 1 at 1; 15 at 2. The Second Amended Judgment authorizing Splond's confinement appears to constitute a new, intervening judgment that restarted the clock for federal habeas purposes. That Second Amended Judgment became final on January 19, 2023, when the 30-day period for filing a Notice of Appeal with the Nevada appellate courts expired. *See* Nev. R. App. P. 4(b). The Court therefore calculates Splond's

original federal petition (ECF No. 1) was timely filed on March 24, 2023, but Splond's First Amended Petition, filed on March 18, 2024, is untimely.

A new claim in an amended petition that is filed after the expiration of the one-year limitation period for filing a federal habeas petition will be timely only if the new claim relates back to a claim in a timely-filed pleading. Fed. R. Civ. P. 15(c). "Relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Id.* at 650.

Grounds 2(B) and 2(C) of the First Amended Petition are entirely new claims that were not alleged in the original petition. *Compare* ECF Nos. 1 and 15. Nowhere in the original petition, including the attached exhibits, did Splond allege or present any facts relating to claims that trial counsel was ineffective at sentencing for failing to present letters of recommendation, a sentencing memorandum explaining Splond's drug issues, family history, and current efforts at rehabilitation, or pursue a *Stockmeyer* issue related to the Presentencing Investigation Report's references to the criminal history of Splond's family. *Id.* The Court must therefore conclude that the untimely claims in Grounds 2(B) and 2(C) of the First Amended Petition do not relate back to the original petition as they assert new grounds for relief supported by facts that differ in both time and type from those alleged in the timely original federal petition. *Mayle*, 545 U.S. at 650. Accordingly, the Court dismisses Grounds 2(B) and 2(C) of the Petition as untimely.

**II.    Grounds 3(D), 3(E), and 3(F) are not cognizable claims.**

Grounds 3(D), 3(E), and 3(F) allege counsel was ineffective in failing to pursue actions related to the conviction for Possession of Stolen Property. ECF No. 15 at 6–7. Respondents moved to dismiss these claims as untimely or, alternatively, not cognizable. ECF No. 17 at 6–7, 9–10. The Court agrees these claims are not cognizable.

The federal habeas statute gives the federal district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or

treaties of the United States." *See* 28 U.S.C. § 2254(a).  The Supreme Court has "[i]nterpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238); *see also Magwood*, 561 U.S. at 331.

Grounds 3(D), 3(E), and 3(F) attack counsel's actions related to the conviction for Possession of Stolen Property.  At the time that Splond filed his original federal petition, he was no longer "in custody" under the judgment for that conviction because the December 2022 judgments authorizing Splond's confinement state the conviction for possession of stolen property was dismissed before Splond filed his original federal petition. ECF Nos. 10-55; 10-56.  Grounds 3(D), 3(E), and 3(F) of the Petition must be dismissed as not cognizable under 28 U.S.C. § 2254(a).

### Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 17) is granted as follows:

1. Grounds 2(B) and 2(C) are dismissed as untimely.

2. Grounds 3(D), 3(E), and 3(F) are dismissed as not cognizable.

DATED: December 2, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE